UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREG S. DAVIS,
        Plaintiff,

  -against-                                    1:06-CV-1323
                                                     (LEK/DRH)

BRIAN U. STRATTON, Mayor of Schenectady,
in his official capacity; MICHAEL N. GERACI,
Chief of Police, in his official capacity; SCHENECTADY
COUNTY COMMUNITY COLLEGE[1]; MICHAEL
D'ANNIBALE, Assistant Dean for Administrative
Services, Schenectady County Community College,
in his official and individual capacity,

        Defendants.

**MEMORANDUM-DECISION AND ORDER**

Presently before the Court is Plaintiff's Motion for attorney's fees and costs, filed on September 23, 2008, pursuant to 42 U.S.C. § 1988. Dkt. No. 80.

**I.    BACKGROUND**

Plaintiff Gregory S. Davis ("Plaintiff" or "Davis") commenced this action on October 31, 2006, pursuant to 42 U.S.C. § 1983, seeking monetary damages and injunctive relief against Defendant Michael D'Annibale, Assistant Dean for Administrative Services at SCCC in his official and personal capacity, Defendant Brian U. Stratton, the Mayor of Schenectady in his official capacity, and Defendant Michael N. Geraci, Chief of Police, in his official capacity, (collectively,

---

[1] Although Schenectady County Community College ("SCCC") was inadvertently included in the case's caption in the Amended Complaint, it is not listed as one of the parties in the Amended Complaint. Accordingly, SCCC is not a party to this action.

"Defendants") for alleged violations of Plaintiff's First and Fourteenth Amendment rights.  Am. Compl. (Dkt. No. 57).  Both Parties moved for summary judgment.  Dkt. Nos. 67, 68.  By Memorandum-Decision and Order dated September 9, 2008, familiarity with which is assumed, the Court granted Plaintiff Davis' Motion for summary judgment and enjoined Defendants from (I) applying N.Y. Penal Law § 140.05 to shut down protected speech; and (ii) prohibiting Plaintiff from preaching the Gospel, leafleting, videotaping, and holding signs in the designated public fora of SCCC, to include, but not be limited to, the Quad area outside Elston Hall at SCCC, so long as Plaintiff complies with the Rules and Regulations of SCCC.  Dkt. No. 78.  This Court entered judgment against Defendants on September 9, 2008.  Dkt. No. 79.

**II.    DISCUSSION**

Section 1988(b) permits reasonable attorney's fees and costs to be awarded to a "prevailing party" in any action or proceeding in connection with enforcing the provisions of 42 U.S.C. § 1983. 42 U.S.C. § 1988(b); see also Panetta v. Crowley, 460 F.3d 388, 399 (2d Cir. 2006).  The Supreme Court has held that a "prevailing party" is one who has favorably effected a "material alteration of the legal relationship of the parties."  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001); see also Farrar v. Hobby, 506 U.S. 103, 109 (1992) ("to qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim"); see also Henley v. Eckerhart, 461 U.S. 424, 433 (1983) ( "Plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit") (internal citation and quotation marks omitted); see also Vacchio v. Ashcroft, 404 F.3d 663, 674 (2d Cir. 2005).  Here, Plaintiff sought and was granted injunctive relief.  Dkt. Nos. 78, 79.  Accordingly, Plaintiff was the "prevailing party" and, therefore, is entitled to reasonable attorney's fees and costs.  See Garcia v.

Yonkers Sch. Dist., 07-3167-cv, 2009 U.S. App. LEXIS 6912, at *11-12 (2d Cir. April 1, 2009) ("the entry of an enforceable judgment, such as a stay or preliminary injunction, may permit the district court to confer prevailing party status on the plaintiff"); see also Haley v. Pataki, 106 F.3d 478, 483-84 (2d Cir. 1997) (awarding attorney's fees pursuant to § 1988(b) to party prevailing on preliminary injunction).[2]

It is well within this Court's discretion to determine what fee is "reasonable" and award attorney's fees and costs accordingly. See Henley, 461 U.S. at 433. Plaintiff requests an award of attorney's fees and costs in the amount of $74,847 and $2,404.02, respectively. "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded; and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and quotation marks omitted); see also McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006). This Court hereby reduces Plaintiff's requested fee and awards Plaintiff attorney's fees in the amount of $50,147.49.

In addition, the Court awards all of the costs claimed by Plaintiffs in the amount of

---

[2] Defendants Station and Geraci (the "City") now "requests that the Court, as a preliminary matter, determine whether Plaintiff prevailed against the City pursuant to F.R.C.P. [sic] Rule 54(d)(2)(C) before requiring the City to submit substantive adversary submission concerning the merits of Plaintiff's fee application." Dkt. No. 90. Under Federal Rule of Civil Procedure 54(d)(2)(C), "Subject to Rule 23(h), the court must, on a party's request, give an opportunity for adversary submissions in accordance with Rule 43(c) or 78. The court may decide issues of liability for fees before receiving submissions on the value of services. The court must find the facts and state its conclusions of law as provided in Rule 52(a)." FED. R. CIV. P. 54(d)(2)(C). This Court agrees with Plaintiff that the City is attempting to relitigate whether judgment should have been entered against the City. The appropriate forum for this argument is on appeal and the Court notes that the City did, in fact, file for appeal. Dkt. No. 84. This Court found and still finds that Plaintiff was the "prevailing party" against the City and is therefore entitled to attorney's fees and costs under 42 U.S.C. § 1988. Dkt. Nos. 78, 79. The Court notes that the City has had an "opportunity for adversary submissions" in accordance with Federal Rule of Civil Procedure 54(d)(2)(C).

$2,404.02.  See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.").  Accordingly, Plaintiffs are awarded a total of $52,551.51 in attorney's fees and costs.[3]

### III.  CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for attorney's fees (Dkt. No. 80), as **MODIFIED** by the Court in the Discussion above, is **GRANTED**, and Plaintiff is awarded attorney's fees and costs totaling $52,551.51; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:　　May 7, 2009
　　　　　　Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[3] It is well settled that the Eleventh Amendment does not bar liability for attorney's fees and costs.  See Hutto v. Finney, 437 U.S. 678, 695 (1978) ("The Act [42 U.S.C. § 1983] imposes attorney's fees 'as part of the costs.'  Costs have traditionally been awarded without regard for the States' Eleventh Amendment immunity.  The practice of awarding costs against the States goes back to 1849 in this Court . . . This Court has never viewed the Eleventh Amendment as barring such awards, even in suits between States and Individual litigants."); see also Missouri v. Iowa, 48 U.S. 660 (1849); North Dakota v. Minnesota, 263 U.S. 582 (1924) (collecting cases).  Thus, although Plaintiff's claims for damages against all Defendants were barred, all the Defendants are liable for attorney's fees and costs.  Further, Defendant D'Annibale's assertion that judgment cannot be entered against him in his individual capacity is unfounded and without merit.  Dkt. No. 88 at 11.  Accordingly, Defendants are liable for the assessed attorney's fees and costs.